IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. GALLO,                          :
                                           :
            Plaintiff,                     :            Civil Action No.:  2:25-cv-159
                                           :
v.                                         :            **PLAINTIFF DEMANDS TRIAL**
                                           :            **BY JURY**
NORFOLK SOUTHERN                           :
RAILWAY COMPANY,                           :
                                           :
            Defendant.                     :

## COMPLAINT-CIVIL ACTION

COMES NOW the Plaintiff, Michael J. Gallo ("Plaintiff"), by counsel, and files this Complaint against the Defendant, Norfolk Southern Railway Company, and respectfully moves this Court for entry of judgment against Defendant for the following reasons:

1.      This cause of action arises under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, as amended.

### Parties

2.  Norfolk Southern Railway Company ("NS" or "Defendant") is a carrier organized and existing under the laws of the Commonwealth of Virginia with its principal place of business and corporate headquarters located in the City of Atlanta, Georgia. NS has been duly authorized to conduct business in the Commonwealth of Pennsylvania, and at all times relevant hereto, the Defendant has been doing business within the jurisdiction of this Court as a common carrier of interstate commerce and has been engaged in interstate commerce and transportation.

3.      Plaintiff, Michael J. Gallo, resides in Portage, Pennsylvania and was, at all times relevant hereto, an employee of NS.

- 1 -

## Jurisdiction & Venue

4.      At all times relevant hereto, NS was regularly, purposefully, and systematically conducting its business within the City of Pittsburgh/Allegheny County and within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate and intrastate commerce.

## Background Facts

5.      On November 7, 2023, Mr. Gallo was employed by the Defendant as an electrician and was working in the Defendant's Shop in Altoona, Pennsylvania.

6.      On that day, Plaintiff was working as a first shift electrician at the shop working on rebuilding locomotive alternators.

7.      At about 1:30 p.m. on November 7, 2023, in the course of his employment for NS, Plaintiff was injured while trying to move improperly loaded alternator coils.

8.      The coils had been improperly and unsafely loaded by other NS personnel or a vendor, so Plaintiff was forced to use a crane to move them and turn them over a repair.

9.      NS had previous notice of the safety of these improperly loaded coils due to prior injuries, safety complaints, and other claims.

10.      NS allowed this unsafe condition to remain despite the fact it violated interstate transportation rules and was a violation of its own safety rules.

11.      NS knew (or should have known) that exposure to said working conditions would place Plaintiff at increased risk of injury.

12.      As a result of said unsafe work conditions, Mr. Gallo was injured.

## COUNT I
### (*F.E.L.A. & Negligence against NS*)

13.      Paragraphs 1 – 12 are hereby re-alleged and incorporated herein.

- 2 -

14.     The FELA is remedial legislation enacted by the United States Congress in 1908 and liberally amended in 1939 to compensate railroad workers for personal injuries and occupational diseases suffered in the course of their employment.

15.     Railroad workers covered under the Act are not eligible for state workers' compensation and FELA provides the sole remedy against their railroad employers for job- related injuries and occupational diseases.

16.     Under FELA, railroads such as the Defendant may not delegate the duty to provide employees with a reasonably safe workplace.

17.     As part of its FELA duties, a railroad is obligated to know the nature and character of the equipment, materials and work practices used in its workplace, to warn employees of job-related dangers known or reasonably foreseeable to the railroad, and to avoid exposing employees to hazardous conditions in the workplace.

18.     Plaintiff's duties with NS, at all times relevant hereto, were "in furtherance of interstate commerce," as contemplated by FELA § 51.

19.     At the time of the accident described herein, Plaintiff was working for NS "in interstate commerce," as contemplated by FELA § 51.

20.     At the time of the accident described herein, Plaintiff's duties with NS "directly and substantially affected" interstate commerce, as contemplated by FELA § 51.

21.     Plaintiff's accident and injuries, as more fully described herein, give rise to a cause of action within the subject matter jurisdiction of the FELA.

22.     The incident described in the preceding paragraphs was caused, in whole or in part, by the negligence and carelessness of NS, who, acting through its agents and employees:

      a.     Failed to provide Plaintiff with a reasonably safe place to work;

b.    Failed to provide adequate assistance to Plaintiff;

c.    Failed to warn Plaintiff of known or reasonably foreseeable dangers;

d.    Failed to have corrected the shipping issues with its vendors;

e.    Failed to provide safe equipment that was in good repair for its employees;

f.    Failed to protect Plaintiff from dangerous worksite conditions;

g.    Failed to properly inspect and maintain areas where employees were assigned to work; and

h.    Defendant was otherwise negligent through the acts and/or omissions of its agents, officers, employees, managers, supervisory personnel, and/or others, in ways that will be established through discovery.

23.    On November 7, 2023, NS failed to comply with the provisions of the FELA, 45 U.S.C. §§ 51-60, as amended, and such other rules, standards, guidelines, regulations and authorities to be shown at the trial of this matter.

24.    As a result of the negligence and carelessness of Defendant, acting through its agents and employees, as foresaid, Plaintiff has sustained serious and painful injuries which are or may be permanent; he has suffered physical pain, discomfort, psychological and emotional injury, mental anguish, and these will or may continue in the future; he has incurred substantial expenses for treatment by physicians and related medical care, and in the future he will or may likely continue to incur such expenses in an effort to be cured and healed; he has missed time and lost earnings from his employment, and in the future he will or may continue to lose time and income, as well as other benefits from his employment; he has suffered a loss of earning capacity; and he has been unable to perform many of the usual personal affairs of a person of his age and position in life and, in the future, he will or may continue to be unable to perform such affairs.

<u>Jury Demand</u>

Plaintiff, Michael J. Gallo, hereby demands trial by jury.

<u>Prayer for Relief</u>

Plaintiff, Michael J. Gallo, respectfully requests that he be awarded judgment against NS in an amount to be determined by a jury, but asserted to be in excess of seventy-five thousand dollars ($75,000.00), together with post-judgment interest and the costs of this proceeding, as well as such other and further relief as may be appropriate under the circumstances of this case.

Dated: 2|3|25

Respectfully submitted,

MICHAEL J. GALLO

Claude W. Anderson, Jr.
THE MOODY LAW FIRM
500 Crawford Street, Suite 200
Portsmouth, Virginia 23704
Phone: (757) 393-4093
Fax: (757) 397-7257
woody@moodyrrlaw.com

*Attorneys for Plaintiff*